IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO PEREZ,

    Petitioner,               No. CIV S-09-3367 GEB EFB P

    vs.

DARREL G. ADAMS,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the California Department of Corrections and Rehabilitation's ("CDCR") decision to validate him as a member of the Mexican Mafia prison gang.[1]

////

---

[1] In the instant petition, petitioner claims to challenge an April 28, 2008 decision issued by the Lassen County Superior Court, as well as his "prison validation." Pet. at 1. Exhibit 1 to respondent's motion to dismiss reflects that the April 28, 2008 decision, referenced by petitioner, is actually an order issued by the Lassen County Superior Court denying petitioner's petition for writ of habeas corpus. Resp.'s Mot. to Dism. ("Mot."), Ex. 1 (April 28, 2008 order) at 1. In the petition before the superior court, petitioner claimed he was improperly re-validated as an active associate of the Mexican Mafia prison gang in proceedings at High Desert State Prison in March of 2005. *Id.*, Ex. 1 (April 28, 2008 order) at 1, (petitioner's January 13, 2008 petition for writ of habeas corpus) at 1. Thus, it appears that petitioner is not challenging the superior court decision, but rather, the underlying decision made by prison officials to validate him as a gang member.

1

Respondent moves to dismiss this action on the grounds that the petition is untimely and unexhausted. Dckt. No. 13. For the reasons explained below, the court recommends that this action be dismissed as untimely.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner challenges CDCR's decision to validate him as a member of the Mexican Mafia prison gang. The statute of limitations for habeas petitions challenging decisions of administrative bodies commences pursuant to § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003). Because petitioner challenges a decision made by an administrative body, section 2244(d)(1)(D) applies.

Respondent contends that the factual predicate of petitioner's claim could have been discovered as of May 17, 2006, the date that CDCR denied petitioner's administrative appeal challenging its decision to validate petitioner as a gang member. Resp.'s Mot. to Dism. ("Mot.") at 2-3 (citing *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004)); *see also* Mot., Ex. 1 (Director's Level Appeal Decision, dated May 17, 2006). As petitioner does not dispute that he received timely notice of the denial of his administrative appeal on May 17, 2006, the court finds

that petitioner knew of the factual predicate of his claim on this day. *See Shelby*, 391 F.3d at 1066. As the factual predicate for his claims, the May 17, 2006 denial of his administrative appeal triggered the one-year limitations period, and petitioner therefore had until May 18, 2007, to file his federal habeas petition. Petitioner did not commence this action until November 20, 2009. Absent tolling, this action is time-barred.

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). If the limitations period has run, however, it cannot be revived by a collateral action. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner filed a petition for writ of habeas corpus in Lassen County Superior Court on January 13, 2008, and in the California Supreme Court on November 14, 2008. Mot., Ex. 1 (petition filed in Lassen County Superior Court, dated January 13, 2008), Ex. 2 (petition filed in the California Supreme Court, dated November 14, 2008).[2] Because petitioner waited until after the federal statute of limitations period expired before filing these state habeas petitions, he is not entitled to statutory tolling. *See Jiminez*, 276 F.3d at 482.

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

---

[2] The record reflects that petitioner also filed a petition in the California Court of Appeal, Third Appellate District, which was denied on June 19, 2008. Pet. at 3; Mot., Ex. 2 (appellate court's denial of petition, dated June 19, 2008, in case number C058961). While the parties do not indicate when petitioner filed this petition, a review of the appellate court's docket shows that petitioner filed the petition on May 28, 2008. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records). Accordingly, this petition, also filed after the limitations period had ended, could not provide a basis for statutory tolling.

3

tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner asserts in his opposition that he is entitled to equitable tolling because after the superior court and the appellate court denied his petitions, it took at least three to four months for the law library to make copies of his petition for filing in the next court. Pet'r's Opp'n ("Opp'n") at 1-2. As noted, petitioner did not file his petition in the superior court until after the limitations period expired. Thus, even assuming that any delays imposed on petitioner after the superior court denied his petition could be considered "extraordinary circumstances," such circumstances could not have caused the untimeliness. Petitioner asserts further that he is entitled to equitable tolling because he has only a ninth grade education, is not educated in the law, and was housed for an unspecified period of time in the security housing unit. Opp'n at 1. Petitioner's ignorance of the law, however, does not constitute an extraordinary circumstance that would warrant equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Additionally, petitioner's claim regarding placement in the security housing unit is devoid of specific facts, and simply fails to even suggest that forces beyond petitioner's control caused his federal petition to be late. The court therefore finds that petitioner has not met his burden of showing that equitable tolling is justified.

For the foregoing reasons, the court concludes that respondent's motion to dismiss this action as time-barred should be granted. The court need not address respondent's argument regarding exhaustion.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's April 5, 2010 motion to dismiss be granted; and

////

////

    2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE